WRIGHT, J.
The complainants allege that they have recovered a judgment at law against the Farmer’s and Mechanics’ Bank; have-taken out execution, which has been returned nulla bona; that Taylor and the other defendants are debtors of the bank, and seek, to confiscate so much of those debts for the satisfaction of their judgment as may be necessary for that purpose.
246] *Taylor has answered. He does not deny the judgment, execution or return. But he now objects that the evidence does not sustain the bill, because the bill alleges the judgment to be the Farmer’s and Mechanics’ JBan7c of Cincinnati, while the record is-the Farmer's and Mechanics' JBarik, without the words “ of Cincinnati.” Whatever force there may have been in this objection, if it had been properly made, it is sufficient now to say, that this respondent has not denied the allegation of the bill in this particular, and that part may be taken as confessed. It is urged further, that the judgment is void, because it appears by the record, that the process-was served on A. B., late president, &c. It appears on the record,, that the bank appeared by counsel in the suit, before judgment was rendered, and this cures the defect of service. But it is further objected that the attorney was not authorized to appear; and evidence is taken that the attorney does not recollect of his being specially employed in that case. The attorney was the president of the bank, *251 and in such a'case we are not disposed to aid a stranger to the record and judgment to call in question the authority of the attorney for the defendants, at this time, and in this way.
The proof shows the defendant, Taylor, indebted to the bank in a larger amount than the unsatisfied judgment of the complainants, and therefore, it is decreed that he pay the amount of the said judgment and interest, and the costs of this suit, not exceeding one hundred dollars, within sixty days, or that the complainants have execution therefor; and that the bank be perpetually enjoined from again collecting the sum so paid or collected by Taylor, and pass the amount to his credit on the books of the bank, on the obligations against him held by the bank. As to the other defendants, the bill is dismissed, at the costs of the complainants.
[Facts referred to; Fah v. Taylor, 10 O. 104, 107.]